IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal Action No. 10-00351-01-CR-W-GAF |
| DARRIN L. POTTER, | ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On January 12, 2012, I held a change-of-plea hearing after this case was referred to me by United States District Judge Gary Fenner. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

*I.  BACKGROUND*

On December 15, 2010, Defendant was indicted with one count of altering or removing motor vehicle identification numbers, in violation of 18 U.S.C. § 511. A change-of-plea hearing was held on January 12, 2011. Defendant was present, represented by retained counsel William Shull. The government was represented by Assistant United States Attorney Roseann Ketchmark. The proceeding was recorded and a transcript of the hearing was filed on January 16, 2012 (Doc. No. 124).

*II.  AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and

the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case

and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2).

2. On December 15, 2010, an indictment was returned charging Defendant with one count of altering or removing motor vehicle identification numbers, in violation of 18 U.S.C. § 511 (Tr. at 3-4). Defendant indicated that he understood the nature of the charge (Tr. at 4).

3. The statutory penalty for the charge to which Defendant is pleading guilty is not more than five years imprisonment, a fine of not more than $250,000, a supervised release term of not more than three years, and a $100 mandatory special assessment fee (Tr. at 4). Defendant was informed of the penalty range and indicated that he understood (Tr. at 4).

4. Defendant was advised of the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

    b. That he has the right to assistance of counsel throughout the trial (Tr. at 5);

      c.      That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 5-6);

      d.      That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 6);

      e.      That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 6-7);

      f.      That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 6); and

      g.      That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 7).

5.      Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 7-8).

6.      Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 8).

7.      Government counsel stated that if this case were to be tried, the government's evidence would be that the records of Midwest Customs and the Department of Revenue reflect that Defendant purchased a Missouri salvage truck from Michael Carter on August 13, 2009, for $6,615, and the word "salvage" was clearly indicated on that title (Tr. at 8). On August 26, 2009, the Missouri Department of Revenue sent Defendant a Form 2055 that instructed him to utilize Form 551 and have the vehicle inspected (Tr. at 8-9). On or about October 5, 2009, Defendant applied for a Missouri title

on Form 551 (Tr. at 9). It did not disclose the major component part of a cab had been added (Tr. at 9). Defendant had actually rebuilt the truck, VIN number, the last four digits 1644, during this time at his business, Potter's Rebuilders, located at 204 South Main in Carrollton, Missouri (Tr. at 9, 10). As part of the rebuild, Defendant took the cab off the salvaged truck and cut out the VIN plate (Tr. at 9). He then reattached the VIN plate onto a replacement cab (Tr. at 9). Then as part of the rebuild, Defendant reattached the replacement cab onto the original salvaged truck to make it appear as if the salvaged truck retained the original cab (Tr. at 9). The removal of the VIN plate was not a reasonably necessary act for the repair of the truck, as well as the re-attachment of the VIN plate and the re-attachment of the cab (Tr. at 9). These acts were all committed in the fall of 2009 through the winter of 2010 within the Western District of Missouri (Tr. at 9). During the investigation, the truck was seized from Defendant's father; the original cab was discovered in the basement of Defendant's business (Tr. at 9). The National Insurance Crime Bureau confirmed the identity of the cab seized from Defendant's business (Tr. at 9-10).

8. Defendant was placed under oath (Tr. at 10). Defendant stated that he was living and operating in the Western District of Missouri between August 10, 2009 and January 12, 2010 (Tr. at 10-11). During this time frame, his business was called "Potter's Construction" (Tr. at 11). Defendant performed construction work and home remodeling, and rebuilt trucks on the side (Tr. at 11). While rebuilding trucks, Defendant knowingly and unlawfully took a cab from a salvaged truck and attached it to another truck so as to make it appear as if it were the original manufactured cab and have an increased value (Tr. at 12).

9. Defendant indicated that he understood the plea agreement he had with the government (Tr. at 13-26). As part of the agreement, Defendant agreed to plead guilty to Count Two and

5

relinquish ownership in the property seized if requested by the Government for purposes of forfeiture (Tr. at 14, 15-20). The Government will dismiss Counts One, Three, Four, Five, Six, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen and Nineteen at sentencing (Tr. at 20). The Government will recommend that Defendant be placed on probation for a period of four years rather than sentenced to a term of imprisonment, subject to special conditions (Tr. at 20-21). Such conditions include (1) Defendant serving thirty days incarceration upon being placed on probation and (2) Defendant paying $150 per month for four years to the Missouri State Highway Patrol as partial reimbursement for the private storage costs incurred (Tr. at 21-24).

10. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 26).

11. Defendant was satisfied with Mr. Shull's performance (Tr. at 26-27). There is nothing Defendant asked Mr. Shull to do that Mr. Shull did not do (Tr. at 27). Likewise, there is nothing Mr. Shull has done that Defendant did not want him to do (Tr. at 27).

12. Defendant is 35 years old (Tr. at 15). He has a high school education (Tr. at 27). He can read, write and understand the English language (Tr. at 27). Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty; he was not under the influence of any kind of drug or alcohol (Tr. at 27-28).

13. Defendant tendered a plea of guilty (Tr. at 28-29).

14. The parties waived the fourteen-day objection period to the Report & Recommendation (Tr. at 29).

## V. ELEMENTS OF THE CHARGED OFFENSE

To sustain a conviction on Count Two, the government must prove that Defendant knowingly

6

Case 4:10-cr-00351-GAF   Document 126   Filed 01/18/12   Page 6 of 7

removed an identification number for a motor vehicle.  18 U.S.C. §511(a)(1).  See also United States v. Enochs, 857 F.2d 491 (8th Cir. 1988); United States v. Kowalczyck, No. 88 CR 701 (ADS), 1990 WL 172652 at *3 (E.D. N.Y. Oct. 24, 1990).  I further note that although not advanced by the parties, 18 U.S.C. § 3663(a)(1)(A), (a)(3) arguably appears to provide authority for Defendant's monthly payments to the Missouri Highway Patrol.

## *V.  CONCLUSION*

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offense charged.

                                                                                  /s/ *Robert E. Larsen*
                                                                                  ROBERT E. LARSEN
                                                                                  United States Magistrate Judge

Kansas City, Missouri
January 18, 2012